IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CONFIDENT CARE HOME HEALTH §
SERVICES, INC., §
§
Plaintiff, §
§
v. § CIVIL ACTION NO. H-18-3604
§
ALEX M. AZAR, Secretary, §
United States Department of §
Health and Human Services, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Confident Care Home Health Services, Inc. ("Plaintiff") filed this action against Alex M. Azar, Secretary of the United States Department of Health and Human Services ("Defendant"), seeking relief based on the Fifth Circuit's decision in Family Rehabilitation, Inc. v. Azar, 886 F.3d 496 (5th Cir. 2018). Pending before the court are Defendant's Motion for Modification of Court's Order Issued February 15, 2019 at Docket No. 42 ("Defendant's Motion for Modification of Preliminary Injunction") (Docket Entry No. 43) and Plaintiff's Motion for Release of Recouped Funds (Docket Entry No. 45).

### I. Factual and Procedural Background

Plaintiff filed its Verified Complaint for Injunctive Relief and Attorneys Fees on October 4, 2018, alleging, among other

things, that it was denied procedural due process by Defendant's recoupment of alleged Medicare overpayments before an administrative law judge ("ALJ") could rule on its administrative appeal.[1] Plaintiff also moved for the imposition of a temporary restraining order requesting that Defendant "suspend and refund" recouped Medicare payments until after the ALJ's hearing and decision.[2]

Defendant filed a motion to dismiss Plaintiff's Complaint on November 20, 2018, alleging both that the court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff had failed to state plausible claims for relief.[3] The court held a telephone hearing on December 6, 2018, during which it denied Defendant's Motion to Dismiss.[4] During the hearing the court also addressed Plaintiff's Motion for TRO. Plaintiff's counsel recognized that Defendant had already recouped $400,000.00 in alleged overpayments and that Plaintiff's desired remedy was for Defendant to "stop recoupment."[5] During the hearing the court stated that Defendant would not be prejudiced by imposition of a

---

[1]See Verified Complaint for Injunctive Relief and Attorneys Fees ("Plaintiff's Complaint"), Docket Entry No. 1, pp. 1-3.

[2]See Motion for Temporary Restraining Order and Brief in Support Thereof ("Plaintiff's Motion for TRO"), Docket Entry No. 2, p. 1.

[3]See Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim ("Defendant's Motion to Dismiss"), Docket Entry No. 10.

[4]See Transcript: Motion to Dismiss ("Transcript"), Docket Entry No. 49, p. 6 ln. 9-11.

[5]See id. at 16 ln. 6-17.

preliminary injunction because "defendant has already withheld $400,000, and all the plaintiff seeks is the cessation of recoupment" so that it may continue its business and submit approximately $80,000.00 in new claims.[6] Plaintiff's counsel did not represent to the court during the December 6th hearing that it also sought a refund of the $400,000.00 being held by Defendant. The court did not rule on Plaintiff's Motion for TRO at the December 6th hearing in order to give Defendant an opportunity to file a response.[7]

Defendant subsequently filed a response to Plaintiff's Motion for TRO,[8] to which Plaintiff replied.[9] The court held a scheduling conference on February 15, 2019, during which the parties requested that the court rule on Plaintiff's Motion for TRO on the papers.[10] Because both parties appeared before the court at the December 6th hearing and Defendant has filed a Response to Plaintiff's Motion for TRO, Plaintiff's Motion for TRO was no longer ex parte; and the court considered it as a motion for preliminary injunction.[11]

---

[6]See id. at 22 ln. 1-3.

[7]See id. at 23 ln. 8-15.

[8]See Defendant's Response in Opposition to Plaintiff's Motion for Temporary Restraining Order ("Defendant's Response to Plaintiff's Motion for TRO"), Docket Entry No. 18.

[9]See Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Temporary Restraining Order, Docket Entry No. 24.

[10]See Hearing Minutes and Order, Docket Entry No. 41.

[11]See Preliminary Injunction, Docket Entry No. 42, pp. 1-2.

Having considered the arguments presented by the parties in their written filings, the court granted Plaintiff's motion for preliminary injunction, finding that "(1) plaintiff has shown a substantial likelihood of success on the merits; (2) there is a substantial threat of irreparable injury to plaintiff; (3) the threatened injury to plaintiff outweighs any prejudice to defendant; and (4) granting the injunctive relief will not disserve the public interest."[12] In its order the court enjoined Defendant from further "withholding or offsetting payments" in recoupment of the alleged Medicare overpayments.[13]

## II. Defendant's Motion for Modification of Preliminary Injunction

In Defendant's Motion for Modification of Preliminary Injunction, Defendant asks the court to modify its Preliminary Injunction into a temporary restraining order.[14] Defendant argues that he only agreed to a ruling on the papers for Plaintiff's Motion for TRO, not on imposition of a preliminary injunction.[15]

After an adverse party has been given notice, the court may properly convert a motion for a temporary restraining order into a request for a preliminary injunction. See Esparza v. Board of

---

[12]See id. at 2-3.

[13]See id. at 3.

[14]See Defendant's Motion for Modification of Preliminary Injunction, Docket Entry No. 43, p. 4.

[15]See id. at 3-4.

-4-

Trustees, 182 F.3d 915 (5th Cir. 1999) ("But when the adverse party has notice, the protective provisions of rule 65(b) do not control, and the court has discretion to consider granting more lasting relief under a [preliminary injunction]."). When the court entered a Preliminary Injunction Defendant had appeared and filed multiple pleadings and exhibits addressing Plaintiff's Motion for TRO.[16] The court was therefore within its discretion to convert Plaintiff's Motion for TRO into a motion for preliminary injunction. Defendant's Motion for Modification of Preliminary Injunction will be denied.

### III.  **Plaintiff's Motion for Release of Recouped Funds**

In its Motion for Release of Recouped Funds, Plaintiff seeks the release of the $400,000.00 that Defendant has already collected in recoupment.[17]  Plaintiff argues that the court's Preliminary Injunction entitles it to a refund of these funds.[18]

While Plaintiff's Motion for TRO asked that Defendant be ordered to "refund" the funds it had already collected in recoupment, Plaintiff represented at the December 6th hearing that it sought only a cessation of recoupment.  The court's finding that

---

[16]See, e.g., Defendant's Response to Plaintiff's Motion for TRO, Docket Entry No. 18; Transcript, Docket Entry No. 49; Defendant's Motion to Seal Docket Nos. 18-1 to 18-3, 18-5 to 18-11, and 18-15, Docket Entry No. 20.

[17]See Plaintiff's Motion for Release of Recouped Funds, Docket Entry No. 45, p. 4.

[18]See id.

Defendant would not be prejudiced by imposition of a preliminary injunction was premised on Defendant's ability to retain the $400,000.00 already collected in recoupment. Moreover, the court is not persuaded that it has subject matter jurisdiction to determine that Defendant's recoupment was wrongful and order Defendant to refund the recouped funds to Plaintiff. See Family Rehabilitation, 886 F.3d at 503-04 (holding that district courts may suspend recoupment pending an administrative hearing but that they lack jurisdiction to examine the merits of the underlying dispute). The court's Preliminary Injunction should therefore be construed only as requiring the cessation of further recoupment efforts by Defendant and not as requiring Defendant to refund to Plaintiff the amount already collected in recoupment. Plaintiff's Motion for Release of Recouped Funds (Docket Entry No. 45) will be denied.

## IV.  Conclusion

For the reasons explained above, Defendant's Motion for Modification of Court's Order Issued February 15, 2019 at Docket No. 42 (Docket Entry No. 43) is **DENIED**. Plaintiff's Motion for Release of Recouped Funds (Docket Entry No. 45) is also **DENIED**.

**SIGNED** at Houston, Texas, on this the 24th day of July, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE